**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


EDUARDO DELCHRISTO           :
                                    Civil Action No. 05-2545 (RBK)
          Petitioner,        :

          v.                 :    OPINION

KATHRYN MACFARLAND,          :

          Respondent.        :
```

**APPEARANCES:**

Eduardo Delchristo, Petitioner pro se
# 292004/SBI2451
Southwoods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Jeffrey S. Blitz
Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Boulevard
Mays Landing, NJ 08330
Attorney for Respondent

**KUGLER**, District Judge

Petitioner Eduardo Delchristo, a prisoner currently confined at Southwoods State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondent

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

is Administrator Kathryn MacFarland.  For the following reasons, the Petition will be dismissed as untimely.

### BACKGROUND

On June 20, 1997, Petitioner was convicted in the Superior Court of New Jersey, Law Division, Atlantic County, of various state law drug crimes.  He was sentenced as a persistent offender to an aggregate sentence of 20 years imprisonment with 11 years parole ineligibility.

The Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed the conviction and sentence on December 8, 1998.  The New Jersey Supreme Court denied certification on February 17, 1999.  Petitioner did not petition the United States Supreme Court for a writ of certiorari.

On March 1, 2001, Petitioner filed with the Superior Court, Law Division, Atlantic County, a timely petition for post-conviction relief ("PCR").  The court denied the PCR petition on March 5, 2002.  Petitioner appealed the denial of PCR relief to the Appellate Division, which affirmed the denial on January 9, 2004.  The New Jersey Supreme Court denied certification to review the PCR petition on October 6, 2004.

The petition filed with this Court seeking relief pursuant to 28 U.S.C. § 2254 is dated April 10, 2005; thus, the petition will be deemed filed as of that date for purposes of this Opinion.  See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999)

("a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court") (citing Houston v. Lack, 487 U.S. 266 (1988)). Respondent filed an Answer to the Petition on July 26, 2005. Petitioner has also filed a motion to amend, and a motion for an extension of time to file a traverse.  Petitioner filed his Traverse on September 29, 2005.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**A.     Statute of Limitations**

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  Thus, Petitioner's conviction became final on or around May 16, 1999, 90 days after the New Jersey Supreme Court denied certification of his direct appeal on

4

February 17, 1999.  Applying the one-year statute of limitations set forth in § 2244(d), Petitioner had until May 15, 2000 to file his petition for habeas relief.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24.[2]

However, the time between the conclusion of direct review and the filing of a state PCR motion is counted towards the one-year limitations period embodied in § 2244.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)(state PCR petition had no effect on tolling because the limitations period had already expired by the time PCR petition was filed); see also Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.)(section 2244(d) does not permit reinitiation of one-year limitations period that has ended before state PCR limitations period expired), cert. denied, 540

---

[2] Also, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

5

U.S. 924 (2003); Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001)(state court PCR petition timely filed after the expiration of one-year federal limitations period does not toll or reinitiate federal limitations period); Powell v. Williams, 981 F. Supp. 1409, 1414 (D.N.M. 1997)(time between final judgment and commencement of state habeas proceedings is counted toward one-year limitations period); Hughes v. Irvin, 967 F. Supp. 775, 778 (E.D.N.Y. 1997)(time periods between various state PCR applications counts toward one-year limitations period).

Petitioner did not file his state PCR petition until March 1, 2001, more than a year after his conviction became final on May 16, 1999.  Therefore, because Petitioner's statute of limitations expired on May 15, 2000, and Petitioner's time to file for habeas relief was not tolled up until that point, the instant petition filed in April 2005 is untimely.

The Court notes that the limitations period of § 2244(d) is also subject to equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). However, equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and

>     bringing [the] claims.  Mere excusable neglect is not
>     sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).  Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  See Jones, 195 F.3d at 159; see also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

   Here, Petitioner has suggested no facts that would justify equitable tolling.  Petitioner addressed Respondent's argument concerning the timeliness of the instant petition in his Traverse.  However, Petitioner mistakenly believed that his one-year limitation period would be tolled until the conclusion of review of his PCR motion, even though the PCR motion was filed more than one year after his conviction became final.  As this Court has pointed out, although New Jersey allows five years

7

after the final judgment of conviction to file a PCR motion, the federal statute only allows one year to file a federal habeas petition, and the time period between the conclusion of direct review and the filing of the state PCR motion does not toll the one-year period.  See, this Opinion, p. 5.  Petitioner's misunderstanding of the law does not warrant equitable tolling.  See Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999)(finding that equitable tolling is not applicable to time-barred petition due to petitioner's misunderstanding of exhaustion requirement); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981)(ignorance of law is not enough to invoke equitable tolling).  Accordingly, the Petition is untimely, and will be dismissed with prejudice.

## B. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition is untimely.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is dismissed, with prejudice.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.  Petitioner's pending motions will be dismissed as moot.

An appropriate Order accompanies this Opinion.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: March 3, 2006